IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES YOUNG WASHINGTON             *

Petitioner             *

v.             *     Civil Action No. WDQ-13-1946

GREGG L. HERSHBURGER, *et al.*     *

Respondents             *

***

MEMORANDUM

Respondents assert in their Answer that the Petition for Writ of Habeas Corpus is untimely. ECF No. 4. Petitioner was provided an opportunity to respond to the allegation and has done so.[1] ECF No. 7. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition will be dismissed as untimely.

Background

On July 20, 2007, Petitioner James Washington ("Washington") was convicted of first and third degree sexual offenses and second degree assault after a jury trial in the Circuit Court for Charles County, Maryland. On September 21, 2007, Washington was sentenced to serve 40 years in prison. ECF No. 4 at Ex. 1 – 3. An application for review of sentence was filed on November 2, 2007, and denied on January 18, 2008. *Id.* at Ex. 1, pp. 13 – 14. On October 23, 2007, Washington filed a motion for modification of sentence that was not resolved by the court, but became a nullity as a matter of Maryland law upon the expiration of five years from the date

---

[1] Petitioner's pending Motion to Proceed in Forma Pauperis (ECF No. 2) shall be granted.

sentence was imposed. *Id., see also* Md. Rule 4-345(e) (sentence may not be revised after expiration of five years from date the sentence was originally imposed).

Washington appealed his conviction to the Court of Special Appeals of Maryland and his conviction was affirmed by that court on March 20, 2009, with the mandate issuing on April 20, 2009. ECF No. 4 at Ex. 2. Washington did not seek further review with the Court of Appeals, making his judgment final on May 5, 2009, the date his time for seeking certiorari review expired. *See* Md. Rule 8-302. Washington's filing deadline for seeking federal habeas corpus relief pursuant to 28 U.S.C. §2254 was May 5, 2010, unless tolled by properly filed petitions for post-conviction relief.

On June 27, 2011, after the expiration of the federal habeas deadline, Washington filed a petition for post-conviction relief which was subsequently denied on August 22, 2012. ECF No. 4 at Ex. 1, pp. 15 – 18. Washington filed an application for leave to appeal the denial of post-conviction relief which was denied by the Court of Special Appeals in an unreported opinion filed on June 5, 2013; the mandate issued on July 8, 2013. *Id.* at Ex. 4.

Standard of Review

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if

2

  the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) citing *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his Petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330.

Analysis

Washington alleges in his Petition the following asserted errors: no DNA evidence was collected or used; trial counsel failed to investigate and prepare for trial; trial counsel failed to investigate victim's drug and alcohol use; and trial counsel erred when he did not challenge the voluntariness of Washington's statement to the police. ECF No. 1 at pp. 6 – 11. The asserted

grounds for relief do not provide a basis to support a claim of entitlement to a statutory exception to the one-year filing deadline. *See* 28 U.S.C. §2244(d)(1)(C) and (D).

Washington initially asserts his Petition is timely filed. ECF No. 1 at p. 5. In his Reply, Washington reverses his assertion and claims that the Office of the Public Defender, Collateral Review Division was unable to get to his case prior to the expiration of the one-year filing deadline. He further claims that there are extraordinary circumstances presented by his case inasmuch as no DNA testing was done, which he asserts is "the modern way to disprove an alleged act as well as to prove one has been sexually harmed." ECF No. 7. It is this claim that Washington relies upon as a basis for entitlement to equitable tolling of the one-year deadline. *Id.* at p. 2.

The extraordinary circumstance sited by Washington did not impact his ability to timely file a Petition for Writ of Habeas Corpus; thus, it does not entitle him to equitable tolling of the filing deadline.[2] With respect to the Office of the Public Defender's inability to file for post-conviction relief in time to toll Washington's filing deadline, that assertion also is unavailing. Washington admits the public defender advised him of his federal habeas filing deadline and advised that their workload was such that reliance upon their office to file for post-conviction relief might result in the expiration of the federal habeas filing deadline. ECF No. 7.

Absent a valid excuse for missing the one-year filing deadline, Washington is not entitled to a merits review of his Petition. Accordingly, the Petition will be denied as time-barred. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct

---

[2] Washington baldly asserts his case should be allowed to proceed in the "interest of justice." ECF No. 7 at p. 2.

4

in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Petitioner has not so demonstrated; therefore, a Certificate of Appealability shall not issue.

A separate Order follows.

9/24/13
Date

William D. Quarles, Jr.
United States District Judge